IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-412-BO

| | |
|---|---|
| BAYER CROPSCIENCE LP,<br>　　Plaintiff,<br><br>v.<br><br>ALBEMARLE CORPORATION,<br>　　Defendant. | ORDER |

This cause comes before the Court following remand from the court of appeals. On remand, this Court denied Albemarle's motion for summary judgment on the grounds previously imposed as to Bayer's declaratory judgment and breach of contract claims related to Albemarle's second and third methyl bromide price increases and directed the parties to brief whether summary judgment would be appropriate on grounds other than Virginia's first material breach doctrine, which the court of appeals held was improperly applied in this circumstance. The parties have complied with the Court's order for additional briefing, and, for the reasons discussed below, this matter will proceed to trial on Bayer's remaining claims.

BACKGROUND

The Court incorporates by reference as if fully set forth herein the factual and procedural background of this matter as recited in its order entered April 14, 2016. [DE 80]. All that remains to be decided at this stage is whether the record supports entry of summary judgment in Albemarle's favor on Bayer's claims relating to Albemarle's second price increase to $8.43 per pound of methyl bromide effective July 1, 2014, and its third price increase to $11.09 per pound effective April 1, 2015. *See Bayer Cropscience LP v. Albemarle Corp.*, No. 16-1555, 2017 WL

2645547, at *5 n. 5 (4th Cir. June 20, 2017) ("We take no position on the merits of Bayer's claims that Albemarle's second and third price increases constitute a violation of the UCC or breach of the Agreement."). In the briefing following remand, Albemarle contends that summary judgment in its favor is appropriate as to the second and third price increases and Bayer contends that whether these price increases violated the UCC or the parties' agreement must be decided by a jury.

## DISCUSSION

Entry of summary judgment is appropriate only if there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

"At its core, Bayer's complaint alleges that Albemarle used its contractual leverage—under the open-price provision—to artificially inflate the price of methyl bromide in violation of the good faith and fair dealing requirements of the UCC." *Bayer Cropscience*, 2017 WL 2645547 at *2. Where there is an open price term or the parties have not agreed on a price, a price to be fixed by the seller or the buyer "means a price for him to fix in good faith." Va. Code § 8.2-305. "Good faith includes observance of reasonable commercial standards of fair dealing in the trade if the party is a merchant." *Id.* Official Comment 3. Thus, "the party that is to set the price does not have the power to act arbitrarily." *Am. Trading & Prod. Corp. v. Fairfax County Bd. of Sup'rs*, 214 Va. 382, 386 (1973).

2

This Court decided, and the Fourth Circuit affirmed, that Albemarle's first price increase to $4.09 per pound, effective April 1, 2014, "was reasonable because it was set through a value-based analysis, it reflected Chemtura's increased tolling fee, and there was no evidence of discriminatory or commercially unreasonable pricing strategies." *Bayer Cropscience*, 2017 WL 2645547 at *2. Genuine issues of material fact preclude entry of summary judgment in Albemarle's favor, however, as to the good faith and reasonableness of the second and third price increases. Although the application of Albemarle's value-in-use model to determine the first price increase from $1.85 to $4.09 per pound supports that Albemarle acted in a commercially reasonable manner, a genuine issue of material fact exists as to whether application of the same value-in-use model would support a second price increase to $8.49 per pound only three months later. Viewing the evidence in the light most favorable to Bayer, a reasonable juror could conclude that the more-than-doubling of the price between April 2014 and July 2014, based at least in part on the same value-based model, represents an absence of good faith or an arbitrary price increase. As to the April 2015 price increase, Albemarle contends that it was based on an across-the-board thirty-percent price increase due to increasing demand for its bromine-related products. Ware Decl. [DE 59-3] ¶ 20. Even assuming, without deciding, that an across-the-board price increase would be commercially reasonable under these circumstances, because the April 2015 price was based on the July 2014 price increase, the Court finds that genuine issues of fact preclude entry of summary judgment as to the third price increase as well.

Albemarle has also moved to strike Bayer's response to this Court's order, arguing that it improperly disclosed new witnesses and proposed new legal theories. Striking a pleading or other filing is a drastic remedy, *see, e.g., Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001), and the Court declines to do so here. Moreover, as it need not have relied on

the evidence submitted in support of Bayer's response to the Court's order, the motion to strike is moot.

## CONCLUSION

For the foregoing reasons, genuine issues of material fact preclude entry of summary judgment on Bayer's claims related to Albemarle's second and third price increases. Albemarle's motion to strike [DE 96] is DENIED. Bayer's consent motion to seal its unredacted brief [DE 94] is GRANTED. The clerk is DIRECTED to refer this matter to the appropriate United States Magistrate Judge for pretrial conference on Bayer's remaining claims.

SO ORDERED, this **31** day of **October**, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE