IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-412-BO

| | | |
|---|---|---|
| BAYER CROPSCIENCE LP | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALBEMARLE CORPORATION | ) | |
| Defendant. | ) | |

This cause comes before the Court on several post-judgment motions. The appropriate responses and replies have been filed and the matters are ripe for ruling.

## BACKGROUND

The Court dispenses with a full recitation of the procedural and factual background of this matter, and incorporates by reference its discussion found in its order entered April 14, 2016. [DE 81]. Following remand from the Court of appeals, the matter proceeded to jury trial at Elizabeth City, North Carolina on March 26, 2018. On March 28, 2018, the jury returned a verdict finding by a preponderance of the evidence that Albemarle acted in bad faith when raising the price of methyl bromide to $8.49 beginning July 1, 2014, and that Albemarle acted in bad faith when raising the price of methyl bromide to $11.04 beginning April 1, 2015. [DE 140]. The jury further found that Albemarle's bad faith conduct damaged Bayer in the amount of $17,628,323.00. *Id.* Judgment was thereafter entered in favor of Bayer and the case was closed.

Bayer has filed a motion for attorney fees and a motion to alter or amend the judgment to include pre-and-post-judgment interest. Albemarle has filed a renewed motion under Fed. R. Civ. P. 50 for judgment as a matter of law, or in the alternative for a new trial. Fed. R. Civ. P. 59.

## DISCUSSION

### I.    Albemarle's motion for judgment as a matter of law and for new trial

Rule 50(b) of the Federal Rules of Civil Procedure provides that where, as here, a party makes a renewed motion for judgment as a matter of law under after the denial of such a motion during trial, a court may (1) allow judgment on the verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). A court may grant a motion for judgment as a matter of law if it finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the non-moving party. Fed. R. Civ. P. 50(a)(1). "[W]hen a jury has returned its verdict, a court may grant judgment as a matter of law only if, viewing the evidence in a light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court determines that the *only* conclusion a reasonable jury could have reached is one in favor of the moving party." *Saunders v. Branch Banking And Tr. Co. Of VA*, 526 F.3d 142, 147 (4th Cir. 2008) (emphasis added). A court is not permitted to weigh the evidence or evaluate the credibility of the witnesses when deciding a Rule 50(b) motion. *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 196 (4th Cir. 2017).

"At its core, Bayer's complaint alleges that Albemarle used its contractual leverage—under the open-price provision—to artificially inflate the price of methyl bromide in violation of the good faith and fair dealing requirements of the UCC." *Bayer Cropscience LP v. Albemarle Corp.*, 696 F. App'x 617, 620 (4th Cir. 2017). As the court of appeals has held in this case, whether or not Albemarle's conduct in question was commercially unreasonable is a fact-specific inquiry. *Id.* at 621. In support of Bayer's claim that it was commercially unreasonable to raise the price from $4.09 per pound to $8.49 per pound in July 2014 and then from $8.49 per pound to $11.04 per pound in April 2015, Bayer offered the testimony of its purchasing manager Hemant Kandlur, who

2

testified that he had never seen such a dramatic price increase while working the last twenty-three years for Bayer, especially when, as was the case here, the price of the raw ingredient was stable or declining. [DE 162] Trial Tr. 27 March 2018 at 68-69. Mr. Kandlur testified that while Albemarle was charging $11.04 per pound for methyl bromide, Chemtura was charging Bayer $2.49 per pound, for the same product from the same place. *Id.* at 72.

Albemarle's witness Mr. Ware testified that he always had a very good reason for raising the price charged to Bayer, and that the $8.49 price increase was based on his value-in-use model prepared as part of a "fresh look at the product" *Id.* at 133; 136. Ware testified that the $8.49 price increase also reflected his concern about Bayer's honoring its commitment to purchase 80% of its methyl bromide needs from Albemarle. *Id.* at 143. Mr. Ware testified that he started working on his value-in-use analysis in February 2014, and worked on it through May, June, and July, but he could not explain why the computer file he used indicated that it was created in July 2014. *Id.* at 204. Absent other evidence to support the price increase to $8.49 just months after the increase to $4.09 per pound, a reasonable jury could conclude that Mr. Ware's justification was pretext for a commercially unreasonable act. The same analysis may be applied to the $11.04 price increase, which Mr. Ware testified was based on a workers' strike in Israel, but he conceded that the price of methyl bromide to Albemarle had not gone up when it increased the price to Bayer. *Id.* at 148; 201. Albemarle's argument that its value-in-use pricing model was necessarily commercially reasonable because it was based on calculations is unpersuasive. This Court and the court of appeals have held that the $4.09 price increase was reasonable as it was based on Mr. Ware's value-in-use analysis *and* reflected a pass through of Chemtura's increased tolling fee. That the subsequent price increases were based on the same or similar multiple of 2.21 does not *require* a finding that they were reasonable.

3

Also in evidence are internal Albemarle emails, which appear to reflect Albemarle's position that Bayer's cancellation of its contract with Albemarle was "awesome" and "excellent," and that because methyl bromide sales would not continue for much longer, Albemarle would treat it like a cash out business and get everything it could out of it as soon as possible. [DE 161] Trial Tr. 26 March 2018 at 130. Viewing the facts in the light most favorable to Bayer, and disregarding all evidence in Albemarle's favor that the jury is not required to believe – meaning that it is uncontradicted and unimpeached, *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 151 (2000) – the Court finds that there was sufficient evidence for the jury to conclude that Albemarle acted in a commercially unreasonable manner when it adopted its $8.49 and $11.04 price increases.

Albemarle's additional arguments in support of its challenge to the jury's verdict are without merit. As to mitigation, the jury heard testimony and argument about Bayer's alleged failure to mitigate its damages by agreeing to lock in a price with Albemarle in exchange for agreeing to purchase 100% of its methyl bromide from Albemarle. *See, e.g.,* [DE 163] Trial Tr. 28 March 2018 at 35. Albemarle has not demonstrated that the Court's failure to instruct the jury on mitigation was error, as it has failed to show that such failure seriously impaired its ability to make its case. *See Noel v. Artson,* 641 F.3d 580, 586 (4th Cir. 2011) (failure to give a requested instruction is error if the requested instruction was (1) correct, (2) not substantially covered by the charge given, and (3) dealt with some point so important that the failure to give the instruction seriously impaired the moving party's ability to make its case) (citation omitted). Here, the Court left Albemarle "ample room to argue its case," and Albemarle has not met its heavy burden to show that the Court erred in failing to instruct the jury on mitigation. *Id.* at 587.

As Bayer has correctly argued, the parties to this matter stipulated that they were the proper parties, correctly designated, and that there was no question of mis-or-non-joinder of parties. *See*

4

[DE 113]. Albemarle cannot now argue that Bayer was not the proper party-plaintiff to be awarded damages in this action. Finally, Albemarle argues that the remaining jury instructions and the verdict form were erroneous for the same reasons that it has argued that it is entitled to judgment as a matter of law. Albemarle contends that the instructions placed an undue emphasis on the amount of the price increases rather than the manner in which they were increased, and failed to pay adequate attention to the express contract between the parties. Considering the instructions given to the jury as a whole, *see United States v. Lighty*, 616 F.3d 321, 366 (4th Cir. 2010) (citation omitted), the Court finds that the instructions given provided accurate statements of the law and that Albemarle was "permitted more than enough room to argue the facts in light of that standard." *Noel*, 641 F.3d at 587. For these reasons, Albemarle's motion for judgment as a matter of law is denied.

A motion for new trial should be granted where "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.,* 99 F.3d 587, 594 (4th Cir.1996); *see also Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). A court is permitted to weigh the evidence and consider the credibility of the witnesses when deciding a motion for new trial. *Cline*, 144 F.3d at 301.

Albemarle argues that the same reasons that support its Rule 50(b) motion support its motion for new trial. Albemarle further argues that it would be a miscarriage of justice to allow Bayer to recover for a breach of the same contract with Albemarle that Bayer breached, the evidence of which came to light only through discovery. However, as Bayer has argued in opposition, the court of appeals has rejected Albemarle's argument that Virginia's first material

5

breach doctrine would prevent Bayer from recovering in this case. Albemarle's Rule 59 motion for new trial is denied.

## II. Bayer's motion for attorney fees

Bayer has moved under Federal Rule of Civil Procedure 54(d)(2) for an award of attorney fees in the amount of $708,383.00. Albemarle contests that Bayer is entitled to attorney fees on two grounds, but does not contest the amount requested. First, Albemarle contends that Bayer's claim for attorney fees should have been submitted to a jury. Rule 54(d)(2)(A) provides that a claim for attorney fees and related nontaxable expenses must be made by a motion unless the applicable substantive law requires attorney fees to be proven at trial as an element of damages. Fed. R. Civ. P. 54(d)(2)(A). The contract at issue in this case provided that Albemarle agreed to indemnify Bayer from "any and all claims, damages, liabilities and expenses, including reasonable attorney's fees and amounts paid in settlement of any such claims, arising out of . . . any breach of the representations, warranties, covenants and agreements of Albemarle contain in this Agreement . . . ." [DE 53-4 at 3].

"[W]hen a contract provides for an award of attorneys fees or legal costs, not as costs to the prevailing party, but as an element of damages, the grant or denial of such an award is a substantive issue . . .." *Carolina Power & Light Co. v. Dynegy Mktg. & Trade*, 415 F.3d 354, 362 (4th Cir. 2005), abrogated on other grounds by *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 571 U.S. 177 (2014). A proper reading of the contract term here, however, designates attorney fees as an expense, not as an element of damages. *See Newberry Station Homeowners Ass'n, Inc. v. Bd. of Sup'rs of Fairfax Cty.*, 285 Va. 604, 615 (2013) ("referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is 'the last word, phrase,

6

or clause that can be made an antecedent without impairing the meaning of the sentence.'" (internal alteration and citation omitted). Moreover, "contractual provisions that are ambiguous or hybrid also fit within Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure because they do not clearly provide for the recovery of the fees as an element of damages so that the attorneys' fees claim should be made by motion." *Carolina Power & Light Co.*, 415 F.3d 354, 363 n.1 (Wilkinson, J. concurring). Thus, to the extent that attorney fees are included as both damages and expenses, they are not a substantive issue which must be decided by a jury.

Second Albemarle contends that Bayer is not entitled to attorney fees because Albemarle did not breach the contract at issue in this case. The contract provision expressly provides that attorney fees may be recovered for breach of the representations, warranties, and covenants contained in the agreement. The agreement at issue is governed by Virginia's enactment of Article 2 of the Uniform Commercial Code (UCC). Va. Code § 8.2-101 *et seq*. Where, as here, there is an open price term or the parties have not agreed on a price, a price to be fixed by the seller or the buyer "means a price for him to fix in good faith." Va. Code § 8.2-305. Further, every contract governed by Virginia law "contains an implied covenant of good faith and fair dealing in the performance of the agreement." *Pennsylvania Life Ins. Co. v. Bumbrey*, 665 F. Supp. 1190, 1195 (E.D. Va. 1987). The implied covenant of good faith, as implied both by Virginia law and the UCC, was found by the jury to have been breached by Albemarle, and Bayer is entitled to attorney fees under the terms of the agreement.

The Court has further considered the amount requested by Bayer and finds it to be reasonable. *See Grissom v. Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008) (court begins with lodestar amount and considers factors including time and labor expended, customary fee for like work, skill required to perform legal services); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434–

7

35 (1983). The length of this litigation, including an appeal to the court of appeals and a jury trial, support the reasonableness of the number of hours for which Bayer seeks reimbursement. The hourly rates charged are further reasonable and in accordance with rates charges by comparable practitioners. *See* [DE 147-2] Kenyon Decl. The Court has been presented with no basis which would support a reduction in the requested fee. Accordingly, Bayer's motion for attorney fees is granted and attorney fees are awarded to Bayer in the amount of $708,383.00.

III. Bayer's motion to alter or amend judgment

Bayer seeks to alter or amend the judgment under Fed. R. Civ. P. 59(e) to include $3,141,542.44 in prejudgment interest and post-judgment interest at 2.06% under federal law. As Albemarle correctly argues, post-judgment interest at the legal rate is awarded as a matter of law, and is therefore applicable whether or not it is included in the judgment. 28 U.S.C. § 1961; *White v. Bloomberg*, 360 F. Supp. 58, 63 (D. Md. 1973), *aff'd,* 501 F.2d 1379 (4th Cir. 1974); *see also In re Redondo Const. Corp.*, 700 F.3d 39, 42 (1st Cir. 2012). Accordingly, the Court need not direct the clerk to amend the judgment to include post-judgment interest in order for it to be applied.

Bayer is not entitled to an award of prejudgment interest from the Court.

With regard to such an award, the Virginia Code provides in pertinent part that "[i]n any action at law or suit in equity, the verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." Va.Code Ann. § 8.01–382 (Michie 1992).

*Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999). The award of pre-judgment interest under Virginia law is a matter of discretion. *Virginia Elec. & Power Co. v. Norfolk S. Ry. Co.*, 278 Va. 444, 471 (2009). The discretion whether to award prejudgment interest lies with the trier of fact. *Upper Occoquan Sewage Auth. v. Blake Const. Co. Incorporated/Poole*

8

& *Kent*, 275 Va. 41, 63 (2008); *see also McClung v. Smith*, 89 F.3d 829 (4th Cir. 1996) ("The Virginia Code allows a jury or a court sitting without a jury to award prejudgment interest in an action at law or a suit in equity"); *Dairyland Ins. Co. v. Douthat*, 248 Va. 627, 631 (1994) ("This section provides for the discretionary award of prejudgment interest by the trier of fact, who "may provide for" such interest and fix the time of its commencement") (emphasis removed); *J.W. Creech, Inc. v. Norfolk Air Conditioning Corp.*, 237 Va. 320, 326 (1989); *Ragsdale v. Ragsdale*, 30 Va. App. 283, 292, 516 S.E.2d 698, 702 (1999) ("The award of prejudgment interest is discretionary, a matter committed to the trier of fact"). The discretion lies with the trier of fact because prejudgment interest, unlike post-judgment interest, is a part of actual damages. *See Devine v. Buki*, 289 Va. 2, 179 (2015); *Pulliam v. Coastal Emergency Servs. of Richmond, Inc.*, 257 Va. 1, 25 (1999). Because Bayer failed to present the issue of prejudgment interest to the jury, its "argument that the district court ha[s] discretion to award prejudgment interest in this instance fails as matter of law." *3D Glob. Sols., Inc. v. MVM, Inc.*, 754 F.3d 1053, 1055 (D.C. Cir. 2014).

Bayer's motion to alter or amend judgment is therefore denied.

## CONCLUSION

Accordingly, for the foregoing reasons, Albemarle's renewed motion for judgment as a matter of law and in the alternative for a new trial [DE 149] is DENIED; Bayer's motion for attorney fees under Fed. R. Civ. P. 54(d) [DE 147] is GRANTED and attorney fees in the amount of $708,383.00 are awarded to Bayer; and Bayer's motion to alter or amend judgment [DE 151] is DENIED.

SO ORDERED, this ⏷ day of July, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9